UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 6: 07-CV-182-KKC

BUDDY R. CALHOUN                                                                                         PETITIONER

VS:                              **MEMORANDUM OPINION AND ORDER**

D.L. STINE                                                                                               RESPONDENT

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Buddy R. Calhoun ("Calhoun"), a prisoner incarcerated at the United States Penitentiary-McCreary in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 2] This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Calhoun is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      BACKGROUND**

In November 1994, Calhoun was arrested by Tennessee authorities and charged with second degree murder. After being released on bail, Calhoun was arrested by federal authorities and charged on May 23, 1995, with various drug and weapons charges. On August 21, 1995, pursuant to a written plea agreement, Calhoun was convicted of possession of methamphetamine with intent to distribute in violation of 18 U.S.C. § 841(a)(1) and carrying a firearm during the commission of a drug trafficking crime in violation of 18 U.S.C. § 922(c). On September 18, 1995, petitioner was transferred to

Tennessee's custody and entered a guilty plea to the state charge, then returned to BOP custody.

On October 30, 1995, the federal court sentenced Calhoun to a 131-month term of incarceration to be followed by a 3-year term of supervised release. *United States v. Calhoun*, 95-CR-60, Eastern District of Tennessee [Record Nos. 2, 3, 9, 11, 12, 14 therein]  The same day, Calhoun was transferred to Tennessee custody, and was sentenced in state court to a 15-year term of incarceration on the Tennessee murder charge.  Calhoun alleges that the Tennessee court ordered him returned to federal custody immediately and that his federal sentence should be served first.  He was thereafter returned to federal custody.

On November 17, 1995, BOP officials informed Calhoun that he was being transferred to a state facility.  Calhoun alleges that he was informed by BOP officials that the BOP had designated the state facility as the place he would serve his federal sentence.  Calhoun remained in a state correctional facility for the next ten years.

On October 21, 2005, Tennessee granted Calhoun parole for the remainder of his 15-year sentence for murder.  On that date he was released into BOP custody for service of his federal sentence.  BOP officials informed Calhoun at that time that his time in Tennessee custody would not count against his federal sentence.

Calhoun challenged the BOP's determination by filing an administrative grievance.  The BOP's Central Office of Inmate Appeals responded to Calhoun's grievance in detail, indicating that his request for *nunc pro tunc* designation of the Tennessee prison as his "place of confinement" for service of his federal sentence would be denied.  The BOP explained:

> Your request was considered pursuant to the decision in *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990) and under the factors set forth in Title 18, U.S.C. § 3621(b). Specifically, facility resources were contemplated, as were the nature and circumstances of the offense, your history and characteristics, statements made by the court, and pertinent policy statements issued by the Sentencing Commission.  Ultimately, we find your request was not consistent with the goals of the criminal justice system. Specifically, you were convicted of two counts of violating 21 U.S.C. § 841(a)(1), and

18 U.S.C. § 924(c). You were sentenced to a term of 71-months on Count 1 and a mandatory consecutive 60-months on Count 2. When your federal sentence was imposed, you had already been convicted of Murder, 2nd Degree in the Monroe Criminal Court, Madisonville, Tennessee. The federal Court was aware of this conviction and your minimum 12-year sentence. The federal court remained silent with respect to the state sentence, which was ordered to be run consecutively to the yet-to-be imposed federal sentence. Because the state established jurisdiction with your arrest, you were returned to state custody to serve their sentence.

In accordance with Program Statement 5880.28, Sentencing Computation Manual (CCCA of 1984), and 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Additionally, 18 U.S.C. § 3585 prohibits any sentence from commencing any earlier than the date on which it is imposed or the defendant is received in custody awaiting transportation to the facility at which the sentence is to be served. As such, your federal sentence was deemed to be consecutive and commenced on October 21, 2005, the date you were released from your state sentence.

In his present petition, Calhoun argues that the BOP lacked authority to return him to state custody to serve his state sentence first, and that federal law, 18 U.S.C. § 3585(a), establishes that his federal sentence commenced upon his return to federal custody after he was sentenced by the Tennessee court.

II.     DISCUSSION

Calhoun's petition must be denied for a number of reasons. At the outset, the BOP is correct that pursuant to federal law, his mandatory 60-month sentence for violation of Section 924(c) may not run concurrently with any other state or federal sentence. 18 U.S.C. § 924(c)(1)(D) ("Notwithstanding any other provision of law ... no term of imprisonment imposed on a person under this subsection run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime in which the firearm was used, carried, or possessed."); *United States v. Gonzales*, 520 U.S. 1, (1997); *see also Thomas v. Whalen*, 962 F.2d 358 (4th Cir. 1992) (prisoner's federal sentences did not commence until he was actually received at federal penitentiary for service thereof, and he was not entitled to receive credit against those sentences for time served in state confinement). Having completed his state sentence in October 2005,

Calhoun was still subject to, at a minimum, the sixty-month sentence under Section 924(c), and hence could not possibly be eligible for release until October 2010 less any statutory sentence credits.

Second, Calhoun's circumstances are materially different from those presented in *Barden v. Keohane*, 921 F.2d 476 (3rd Cir. 1990), the case upon which he places primary reliance. In *Barden*, the state court expressed its intent to have the prisoner's state sentence run concurrently with his federal sentence. Because Section 3585(a) prevents a federal sentence from running until the prisoner is received in custody for service of the federal sentence, that desire which was frustrated when the prisoner served his state sentence first. The Third Circuit held that:

> ... the federal government has the statutory authority to make the *nunc pro tunc* designation Barden desires. On this record, Barden is entitled to a writ of habeas corpus to compel the Bureau to consider his case. We do not pass upon Barden's contention that he is entitled to a favorable exercise of the broad discretion the Federal Bureau of Prisons (Bureau) has in acting on his request. Instead, we hold only that the federal authorities have an obligation, on the peculiar facts before us, to look at Barden's case and exercise the discretion the applicable statute grants the Bureau to decide whether the state prison in which he served his sentence should be designated as a place of federal confinement *nunc pro tunc*. ... Any further court review of the Bureau's action will be limited to abuse of discretion.

*Barden*, 921 F.2d at 478.

Here, the BOP has, in fact, already conducted the review required by *Barden*. In Calhoun's case, the BOP exercised its discretion, considering the factors set forth in Section 3621(b), to deny *nunc pro tunc* designation. Nor can the BOP's determination be held to constitute an abuse of its discretion. In reaching its decision, the BOP highlighted two highly relevant factors. Unlike the situation in *Barden* and the other cases cited by petitioner, the Tennessee court expressly directed that Calhoun's state sentence was to be served *consecutively* to his federal sentence, not concurrently. This treatment is customary where the state sentence, for second degree murder, arises out of entirely separate offense conduct than the federal sentences, for weapons and drug charges. Similarly, the federal court, while fully aware that Section 3584(a) required it to affirmatively indicate that a sentence is to be served

concurrently to avoid having the sentence be served consecutively, remained silent in its Judgment and Commitment Order regarding the matter, thus ensuring that Calhoun's sentence would be served consecutively. Absent any indication in either the state court order or federal Judgment and Commitment Order that the sentences were to be served concurrently, there was no equitable basis for the BOP to determine that it had failed to appropriately carry out the intention of the respective sentencing jurisdictions. Accordingly, Calhoun's petition for habeas relief must be denied.

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)   Petitioner Calhoun's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2)   The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

Dated this 18th day of January, 2008.

Signed By:
**_Karen K. Caldwell_** KKC
**United States District Judge**